UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ANGELA FARVE,
Plaintiff,
v.
RIVER LIGHT V, L.P., et al.,
Defendants.

Case No. 3:26-cv-05140-JSC

**ORDER RE: MOTION TO DISMISS**

Dkt. No. 23

Angela Farve filed this putative class action against River Light V, L.P. and Tory Burch, LLC alleging they use third-party trackers to intercept and/or record customers' electronic communications on the website www.toryburch.com in violation of the Electronic Communications Privacy Act, 18 U.S.C. § 2511, and various California laws. Defendants move to dismiss for lack of Article III standing and failure to state a claim. (Dkt. No. 23.) After carefully considering the arguments and briefing submitted, the Court concludes oral argument is unnecessary, *see* Civ. L.R. 7-1(b), VACATES the October 15, 2026 hearing, and GRANTS the motion to dismiss for lack of subject matter jurisdiction.

Federal courts are courts of "limited jurisdiction" which "possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Article III of the United States Constitution "confines the federal judicial power to the resolution of 'Cases' and 'Controversies.'" *TransUnion LLC v. Ramirez*, 594 U.S. 413, 423 (2021). "For there to be a case or controversy under Article III, the plaintiff must have a 'personal stake' in the case—in other words, standing." *Id.* (citations omitted). To establish standing sufficient to satisfy constitutional requirements, "a plaintiff must show (i) that he suffered an injury in fact that is concrete, particularized, and actual or imminent; (ii) that the injury was likely

caused by the defendant; and (iii) that the injury would likely be redressed by judicial relief." *Id.* (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–561 (1992)). In a putative class action, at least one named plaintiff must have Article III standing. *See Healy v. Milliman, Inc.*, 164 F.4th 701, 706 (9th Cir. 2026). Plaintiff, as the party invoking federal jurisdiction, bears the burden of establishing her standing. *See Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016).

A "concrete" injury can include "intangible harms," such as "reputational harms, disclosure of private information, and intrusion upon seclusion." *TransUnion*, 594 U.S. at 425. In *Popa*, the Ninth Circuit addressed Article III standing in privacy cases such as this. *Popa v. Microsoft Corp.*, 153 F.4th 784 (9th Cir. 2025) There, the plaintiff alleged the defendant's session-replay technology captured her information while she browsed for pet supplies on a pet supply website. The Ninth Circuit affirmed the district court's dismissal for lack of Article III standing because the nature of the collected information was not "embarrassing, invasive, or otherwise private." *Id.* at 786-87, 791. The court held the plaintiff had not established "how the tracking of her interactions ... caused her to experience any kind of harm that is remotely similar to the 'highly offensive' interferences or disclosures that were actionable at common law." *Id.* at 791. The court explained further "the kind of harm and not the degree" is relevant for determining whether an alleged injury-in-fact is concrete enough relative "to a specific common-law tort" and that the injury must be one "that has traditionally been actionable in our nation's legal system." *Id.*

Here, the Complaint alleges "Plaintiff accessed Defendants' Website—while in California—and made a purchase. Despite Defendants' representations of confidentiality, Plaintiff's communications during this visit were intercepted and disclosed to TikTok and Google through the tracking technologies, including communications that contained Plaintiff's PII and information about her purchases." (Complaint at ¶ 7.) These are the only allegations as to Plaintiff specifically, although the Complaint separately alleges "Defendants chose to embed the tracking codes from TikTok and Google into the Website (collectively the "Tracking Technologies"), whereby it disclosed the confidential and protected PII of its users with TikTok and Google for targeted advertising purposes." (*Id.* at ¶ 11.) The "protected PII" the tracking codes disclosed is not identified, but the Complaint elsewhere describes the "identifiers that the

Tracking Technologies capture [as] names, email address, phone number, and social media IDs." (*Id*. at ¶ 20.) These allegations fail to plausibly allege an injury sufficient to establish Article III standing.

First, there are no allegations as to what data was collected and shared about Plaintiff. *See Khamooshi v. Politico LLC*, No. 24-cv-07836-SK, 2025 WL 2822879, at *3 (N.D. Cal. Oct. 2, 2025) ("Because the injury depends on the nature of the information at issue, plaintiffs must identify the specific information allegedly disclosed.") (cleaned up); *DellaSala v. Samba TV, Inc.*, No. 25-cv-03470-JSC, 2025 WL 3034069, at *4 (N.D. Cal. Oct. 30, 2025) (explaining because "Plaintiffs' allegations as to what [defendant] actually collects are unclear," the court could not "determine whether Plaintiff[s] ha[ve] a protectable privacy interest in that information.") (cleaned up). Plaintiff must allege what of her own information was disclosed to plausibly support a reasonable inference disclosure of such information was offensive.

Second, the information Plaintiff alleges the tracking technology collects, to the extent it is alleged at all, does not give rise to a legally protected privacy interest or concrete injury. Courts in the Ninth Circuit have consistently concluded "disclosure of one's email address and IP address, without more, does not bear similarity to the 'highly offensive' interferences or disclosures that were actionable at common law." *Wooten v. BioLife Plasma Servs. L.P.*, 807 F. Supp. 3d 1139, 1144 (E.D. Cal. 2025) (collecting cases similarly reasoning); *see also Carolus v. Nexstar Media Inc.*, No. 24-CV-07790-VC, 2025 WL 1338193, at *1 (N.D. Cal. Apr. 9, 2025) (rejecting theory of concrete injury based on a privacy interest in controlling one's personal information when the plaintiffs alleged collection of their IP address because that "only disclose[s] the fact that a given device visited [the] website and the general location of that device, including what zip code it's in ... [defendant's] acquisition of that information does not cause the kind of harm that can be vindicated in federal court."). A common law intrusion upon seclusion and public disclosure of private facts requires intrusion into "a sensitive sphere." *Popa*, 153 F.4th at 791.

Finally, Plaintiff's argument that she had a reasonable expectation of privacy because Defendants promised they would not share the information is unavailing. (Complaint at ¶¶ 16, 18 ("Defendants promise customers that it will keep their personally identifiable electronic

communications confidential" when it provides customers the option to opt out of third-party targeting cookies).) "'[W]here a company tracks limited information on its own website and discloses it to third parties, courts in this district have found that the intrusion does not meet the 'high bar' to be highly offensive,' even where the collection was contrary to an explicit promise." *Lutge v. Timex.com*, No. 26-CV-00960-EMC, 2026 WL 2691100, at *2 (N.D. Cal. Sept. 14, 2026) (collecting cases and dismissing for lack of Article III standing nearly identical claim alleging "despite his opt-out, [plaintiff's] interactions with the Timex website, containing information about his purchase and his email address, were intercepted by Timex without his consent and disclosed to third parties."); *see also Garcia v. Blackhawk Network, Inc.*, 2026 WL 925028, at *5 (C.D. Cal. Apr. 1, 2026) (holding that a misrepresentation regarding tracking may establish an expectation of privacy but does not, by itself, make the intrusion "highly offensive"). Even if such a representation could give rise to a claim, Plaintiff does not allege *she* relied on the representation or opted out cookies. For purposes of Article III standing, Plaintiff must have personal standing. *TransUnion*, 594 U.S. at 423 (to invoke Article III of the Constitution, a "plaintiff must have a 'personal stake' in the case").

***

In sum, Plaintiff has not alleged facts sufficient to plausibly support an inference she suffered a concrete injury for purposes of Article III standing. Defendants' motion to dismiss for lack of subject matter jurisdiction is therefore GRANTED. If Plaintiff has a good faith basis consistent with Rule 11 for amending her complaint, she may file an amended complaint on or before **October 26, 2026**. If Plaintiff chooses not to amend her complaint, the action will be dismissed without prejudice to Plaintiff pursuing her claims in state court where there is no Article III standing requirement.

This Order disposes of Docket No. 23.

**IT IS SO ORDERED.**

Dated: October 5, 2026

Jacqueline Scott Corley

JACQUELINE SCOTT CORLEY
United States District Judge